of proceeds of a farm sale remaining after the satisfaction of a claim due the bank, and which balance was turned over to plaintiff's landlord by defendant's cashier with the claimed consent of plaintiff, evidence *held* sufficient to show that even if plaintiff had not verbally authorized defendant to turn over the balance of such proceeds to the landlord, he had afterwards ratified its action in so doing.

---

## Charles P. Wilson, Appellee, v. Hartford Fire Insurance Company, Appellant.

### (Not to be reported in full.)

Appeal from the Circuit Court of Vermilion county; the Hon. M. W. THOMPSON, Judge, presiding. Heard in this court at the April term, 1915. Affirmed. Opinion filed October 13, 1915.

### Statement of the Case.

Action by Charles P. Wilson, plaintiff, against the Hartford Fire Insurance Company, a corporation, to recover for a loss by fire based on an oral contract to renew a policy in force. From a judgment for plaintiff, defendant appeals.

The case was before the court in a former appeal, 188 Ill. App. 181, where it was reversed and remanded on the ground that the declaration was insufficient. More than a year after the loss an additional count was filed.

O. M. JONES and BARGER & HICKS, for appellant; C. O. CARLSON, of counsel.

LINDLEY, PENWELL & LINDLEY, for appellee; WALTER C. LINDLEY, of counsel.

MR. PRESIDING JUSTICE ELDREDGE delivered the opinion of the court.

## Abstract of the Decision.

INSURANCE—*when action may be maintained on oral contract to renew fire policy.* Though a fire insurance policy provided that no recovery could be had thereunder unless an action was commenced within one year after the loss, *held* that a recovery could be had on an oral contract to renew such policy though the action was not commenced within the period named in the policy.

---

## L. L. Butterfield, Appellee, v. Simon Diekman, Appellant.

1. APPEAL AND ERROR, § 269*—*what is final judgment.* A judgment on a motion to quash an execution is a final judgment, and an appeal will lie therefrom.

2. JUDGMENT, § 252*—*when clerk no authority to amend record.* A clerk has no authority, on his own motion, to amend the record of a judgment in vacation.

3. JUDGMENT, § 112*—*when judgment by default sufficient in form.* Where the defendant, in a case appearing upon the judge's docket under its correct number, but with the first name of the defendant incorrect, was defaulted, *held* that the judgment was in fact rendered against the real defendant in the case as appeared in the pleadings.

4. EXECUTION, § 113*—*when special execution should be quashed.* Refusal to quash a special execution issued on a judgment, the record of which had been altered by the clerk of his own volition by changing the first name of the defendant, *held* error.

Appeal from the Circuit Court of McDonough county; the Hon. HARRY M. WAGGONER, Judge, presiding. Heard in this court at the April term, 1915. Reversed and remanded with directions. Opinion filed October 13, 1915.

ELTING & HAINLINE, for appellant.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.